UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
MIGUEL BERRIOS, ANN L. BERRIOS and
KIMBERLY CONLON,

                                                                                                                  MEMORANDUM AND ORDER

                Plaintiffs,

            --against--                                    CV-06-5848
                                                                      (Wexler, J.)

STATE UNIVERSITY OF NEW YORK
AT STONY BROOK, SHIRLEY STRUM
KENNY, Individually and in her Official
Capacity, JEFFREY E. PESSIN, Individually
and in his Official Capacity, CRAIG C. MALBON,
Individually and in his Official Capacity,
NORMAN EDELMAN, Individually and
in his Official Capacity, and FU PEN CHIANG,
Individually and in his Official Capacity,

                Defendants.
------------------------------------------------------------X

        LAW OFFICE OF STEVEN A. MORELLI
        BY: STEVEN A. MORELLI, ESQ.
        One Old Country Road, Suite 347
        Carle Place, New York 11514
        Attorneys for Plaintiffs

        ANDREW M. CUOMO, Attorney General of the State of New York
        BY: SUSAN M. CONNOLLY, ESQ., Assistant Attorney General
        300 Motor Parkway, Suite 205
        Hauppauge, New York 11788
        Attorneys for Defendants

WEXLER, District Judge:

        This is a civil rights action commenced pursuant to 42 U.S.C. §§ 1983, 1985 and 1986, by

Plaintiffs Miguel Berrios, Ann Berrios and Kimberly A. Conlon (collectively "Plaintiffs") against the

State University of New York at Stony Brook (the "University"), Shirley Strum Kenny, the President

of the University ("Kenny") and individual Defendants Jeffrey E. Pessin ("Pessin"), Craig C. Malbon ("Malbon"), Norman H. Edelman ("Edelman") and Fu Pen Chiang ("Chiang"). Defendants Pessin, Malbon, Edelman and Chiang were, during relevant times, faculty members at the University.

A Memorandum and Order of this court dated October 10, 2007 (the "October 2007 Order") granted in part, and denied in part a motion to dismiss. Presently before the court is Defendants' motion for summary judgment as to the remaining claims.

## BACKGROUND

### I. The Parties

Plaintiff Miguel Berrios ("Dr. Berrios") has been an employee of the University for twenty years. He has worked at various faculty positions within, and related to the University Department of Pharmacology. Dr. Berrios has a Ph.D. and holds the title of Research Associate Professor at the University. Ann Berrios is married to Dr. Berrios and has also been employed at the University for twenty years. Kimberly Conlon ("Conlon") is also a University employee. Conlon has been employed at the University for ten years and serves as research assistant to Dr. Berrios.

As noted, Defendant Kenny is the President of the University. The remaining individual Defendants are faculty members at the University, and have worked with Plaintiffs in various capacities.

### II. The Original Causes of Action in the Complaint

Plaintiffs' complaint contains ten separately stated causes of action. The federal causes of action allege First Amendment and Due Process claims as follows:

- Dr. Berrios: Retaliation for the exercise of his First Amendment rights to petition the government, free speech and denial of due process of law.

- Ann Berrios: Violation of her First Amendment right to freedom of association and denial of due process of law.

2

- Conlon: Retaliation for asserting her First Amendment rights to freedom of speech and freedom of association and denial of due process of law.

The complaint also sets forth state law claims on behalf of all Plaintiffs alleging: (1) intentional infliction of emotional distress, and (2) injurious falsehood.

III.  Prior Ruling: The Dismissed Claims

The October 2007 Order dismissed several claims. Specifically, the court dismissed all claims for injunctive relief against the State University of New York on the ground of Eleventh Amendment immunity. The due process grounds of all Plaintiffs were dismissed. In view of the settlement of a Court of Claims action commenced by Dr. Berrios that was factually related to this action, the court dismissed all of this Plaintiff's claims that arose prior to the August 11, 2006 date of the settlement of that action. Finally, the court dismissed the First Amendment freedom of association claim of Plaintiff Conlon.

The court let stand the First Amendment retaliation claims of Dr. Berrios arising after the August 2006 date of the Court of Claims settlement. The court made clear that the time frame of any such claim was limited to actions taken against Dr. Berrios after settlement of the Court of Claims Action. The court held that to the extent that Ann Berrios alleged that she suffered adverse employment action because of her relationship with her husband, she stated a claim. See Adler, 185 F.3d at 44. While the court dismissed the First Amendment Freedom of Association claim of Plaintiff Conlon, her First Amendment claims asserting retaliation for exercising her right to freedom was allowed to proceed.

The court held that questions of fact precluded dismissal of any claim based upon the statute of limitations or qualified immunity. In view of the fact that the case was proceeding to discovery, the court declined to dismiss the state law claims for intentional infliction of emotional harm and injurious falsehood.

Thus, the claims remaining after disposition of the motion to dismiss are:

- Dr. Berrios: Retaliation for the exercise of his First Amendment right to free speech that arose after the August 11, 2006 settlement of his Court of Claims Action;
- Ann Berrios: Violation of her First Amendment right to freedom of association;
- Conlon: Retaliation for asserting her First Amendment rights to freedom of speech.

Presently before the court is the motion for summary judgment as to these remaining claims.

IV. Disposition of the Motion for Summary Judgment

Upon consideration of the papers in support of and in opposition to the motion, this Court finds that genuine issues of material fact exist precluding the entry of summary judgment with respect to Plaintiffs' remaining claims. See Fed. R. Civ. P. 56(c) (a party seeking summary judgment must demonstrate that "there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law."); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Donohue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 57 (2d Cir. 1987). Accordingly, Defendants' motion for summary judgment is denied. The denial of the motion is without prejudice to renewal at the close of Plaintiffs' case

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is denied. The Clerk of the Court is directed to terminate the motion for summary judgment.

SO ORDERED

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
March 17, 2009

4