UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MIGUEL BERRIOS, ANN L. BERRIOS,
and KIMBERLY A. CONLON,

06 CV 5848
(Wexler, J.) (Lindsay, M.J.)

Plaintiffs,

-against-

STATE UNIVERSITY OF NEW YORK AT
STONY BROOK, et. al.,

STIPULATION OF SETTLEMENT,
GENERAL RELEASE AND
ORDER OF DISMISSAL

Defendants.
-----------------------------------------------------------------X

STIPULATION OF SETTLEMENT, GENERAL RELEASE & ORDER OF DISMISSAL ("the Agreement") made by and between MIGUEL BERRIOS, ANN L. BERRIOS, and KIMBERLY A. CONLON, ("Plaintiffs") and STATE UNIVERSITY OF NEW YORK AT STONY BROOK ("SUNYSB"), SHIRLEY STRUM KENNY, Individually and in Her Official Capacity, JEFFREY E. PESSIN, Individually and in His Official Capacity, CRAIG C. MALBON, Individually and in His Official Capacity, NORMAN H. EDELMAN, Individually and in His Official Capacity, and FU PEN CHIANG, Individually and in His Official Capacity, (collectively "Defendants"),

WHEREAS, Plaintiffs commenced this action by filing a complaint on or about October 26, 2006, alleging, <u>inter alia</u>, claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 (First Amendment free speech, due process, freedom of association), as well as New York state law claims for intentional infliction of emotional distress, injurious falsehood, negligent supervision and retention) against defendants in the above-captioned action ("the Action"); and

1

WHEREAS, Defendants expressly deny any wrongful conduct or liability, or violation of any federal, state or local statute, ordinance or law, in this matter whatsoever; and

WHEREAS, Plaintiffs and Defendants desire to fully resolve the Action and any and all other disputes, whether known or unknown, between them without further litigation and without admission of fault or liability;

NOW, THEREFORE, in consideration of the mutual promises, covenants, representations and other consideration contained in this Agreement, Plaintiffs and Defendants hereby stipulate and agree as follows:

1. **Dismissal of the Action with Prejudice.** The Action against Defendants is hereby dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a) and without payments, attorney's fees, costs, disbursements or expenses in excess of the amounts specified in paragraphs 2 and 3 of this Agreement.

2. **Payment to Plaintiffs.** For and in consideration of dismissal of the Action against Defendants with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Defendants shall cause the following sum to be paid in full and complete satisfaction of all claims, allegations or actions, direct or indirect, known or unknown, that Plaintiff had, has, or may have against Defendants arising out of conduct, acts or omissions prior to and as of the date of this Agreement including but not limited to those asserted in the Action:

    a. To Plaintiff Ann Berrios, a single payment of Ten Thousand Dollars ($10,000.00) shall be issued. The foregoing payment shall be made payable to the order of Ann Berrios c/o Law Office of Steven A. Morelli, One Old Country Road, Suite 347, Carle Place, New York 11514.

    b. To Plaintiff Kimberly Conlon, a single payment of TenThousand Dollars

2

($10,000.00) shall be issued. The foregoing payment shall be made payable to the order of Kimberly Conlon c/o Law Office of Steven A. Morelli, One Old Country Road, Suite 347, Carle Place, New York 11514.

3. **Payment of Attorney's Fees and Costs.** For and in further consideration of dismissal of the Action against Defendants with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Defendants shall cause the following sum to be paid in full and complete satisfaction of all claims for attorney's fees, costs, disbursements and expenses incurred by Plaintiff for any and all counsel who have at any time represented Plaintiff in the Action as well as in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences or omissions asserted in the Complaint in the Action:

    a. To Plaintiffs a single payment of One Hundred Thousand Dollars ($100,000.00) shall be issued. The foregoing payment shall be made payable to the order of Law Office of Steven A. Morelli, One Old Country Road, Suite 347, Carle Place, New York 11514.

4. For and in further consideration of dismissal of the Action against Defendants with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Plaintiff Miguel Berrios shall be provided with an extension of his current contract of employment with SUNYSB to a term of three (3 years) to run July 1, 2009 to June 30, 2012. Plaintiff Miguel Berrios shall continue to have employment duties only as necessitated and to the extent required by the needs of the Department of Pharmacology, the School of Medicine and the School of Nursing or any of the Allied Health Schools, as those needs are determined by the Chair of the Department and the Deans of the respective Schools. Plaintiffs acknowledge that

SUNYSB has no obligation, contractual or otherwise, to hire, employ or contract Plaintiffs in the future except as described herein.

5. **State Approval.** The terms of paragraphs 2, 3 and 4 of this Stipulation including regarding payment of fees and costs are subject to the approval of all appropriate state officials, including, with respect to payment, the New York State Comptroller, in accordance with the provisions of New York Public Officers Law Section 17.

6. **Accrual of Interest.** In the event that the payments referenced in paragraphs 2 and 3 of this Agreement have not been made by the one hundred twentieth day after receipt by the New York State Department of Law of a "So Ordered" copy of this Agreement, endorsed by a judge and entered into the record, interest on any of the sums not paid by the one hundred twentieth day shall begin to run on the one hundred twentieth first day at the statutory rate pursuant to 28 U.S.C. § 1961.

7. **Indemnification for Tax Liability.** Plaintiffs shall bear any tax liability regarding the payments described in paragraphs 2 and 3 of this Agreement. In the event that any taxing authority or any other federal, state or local government, administrative agency or court issues a final determination that Defendants are liable for the failure of Plaintiffs and/or their attorneys to pay federal, state or local income or other taxes or withholdings with respect to any portion of the payments referred to in paragraphs 2 and 3, or are liable for interest or penalties related thereto, Plaintiffs and their attorneys agree to reimburse and indemnify Defendants for such liability in excess of the amount of any taxes withheld with respect to any portion of the payments referred to in paragraphs 2 and 3, so long as said persons have been provided with notice of any such claim or proceeding against Defendants promptly following receipt of notice of such claim or proceeding by Defendants. Notice to Law Office of Steven A. Morelli, One Old Country Road,

4

Suite 347, Carle Place, New York 11514 shall constitute sufficient notice under this paragraph.

8. **<u>General Release in Favor of Defendants.</u>** For and in consideration of the payments referenced in paragraphs 2 and 3 of this Agreement and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Agreement, Plaintiffs, on behalf of themselves, their heirs, executors, administrators, successors and assigns (collectively "the Releasing Parties"), hereby release and forever discharge Defendants and all of their present and former principals, officers, directors, members, trustees, shareholders, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators and assigns, including but not limited to the named Defendants (collectively "the Released Parties"), from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now have, or shall or may have in the future against some, any or all of the Released Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter or thing whatsoever up to and including the date of this Agreement, including but not limited to: (a) any and all claims regarding or arising out of the acts, transactions, occurrences or omissions which are described, alleged or contained in the Complaint in the Action; (b) any and all claims regarding or arising directly or indirectly from either Plaintiff's employment and/or association with any of the Released Parties or the termination thereof or the terms and conditions of her employment and/or association with any of the Released Parties; (c) any and all claims of harassment, hostile work environment or discrimination based upon disability, age, race, color, national origin, ancestry, religion, marital status, sex, sexual orientation, citizenship, status, pregnancy or medical

5

condition; (d) any and all claims under federal, state or local laws, statutes, constitutions, regulations, rules, ordinances, or orders, including but not limited to claims under 42 U.S.C. § 1981; 42 U.S.C. § 1983; 42 U.S.C. § 1985(3); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; the Equal Pay Act, 29 U.S.C. §§ 206(d) et seq.; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 et seq.; Titles I and II the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et.seq.; the New York State Human Rights Law, N.Y. Civil Service Law §75-b, N.Y. Labor Law §§ 740 and 741, and New York state law; the United States Constitution; and the New York State Constitution; (e) any and all claims for salary, bonuses, severance pay, vacation pay, incentive pay or other compensation, or any nonvested retirement, pension or savings plan benefits; (f) any and all grievances pursuant to any Collective Bargaining Agreement; and (g) any and all other claims, whether for moneys owed, damages (including but not limited to claims for equitable relief, compensatory, punitive or other damages), breach of implied or express contract, breach of promise, misrepresentation, negligence, fraud, estoppel, defamation, infliction of emotional distress, tortious interference with contract, tortious interference with business relations, tortious interference with prospective contractual relations, tortious interference with prospective business relations, violation of public policy, wrongful or constructive discharge, or any other tort, or any claim for costs, fees, or other expenses, including attorney's fees, or any other claims under federal, state, or local law relating to employment, or otherwise. This release also includes a waiver and release of any claims related to allegations made against the State of New York, its agencies, departments and officials in the New York Court of Claims or any other forum, administrative or otherwise, related to or arising from any the transactions, acts, omissions or occurrences up to and including the date of this Agreement. With regard to any and all claims pursuant to the Age Discrimination in

Employment Act of 1967 ("ADEA"), plaintiffs shall have twenty-one (21) days to consider the terms of the waiver and release prior to executing this Agreement, and shall also have seven (7) days following execution of the Agreement in which to revoke their assent to the Agreement.

9. **No Other Action Commenced.** Other than the Action, Plaintiffs represent that they have not commenced, maintained or prosecuted any action, charge, complaint or proceeding of any kind against The State of New York, or against either of the Defendants, or any of SUNYSB's divisions, employees and/or agents, on their own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that currently is pending in any court, or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendants to enter into this Agreement.

10. **No Prevailing Party.** Neither Plaintiffs nor any and/or all Defendants shall be deemed a "prevailing party" for any purpose, including but not limited to any statutory or contractual claim based upon "prevailing party" status, with respect to the Action.

11. **Successors and Assigns.** The terms and conditions of this Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

12. **Authority.** Each signatory to this Agreement hereby represents and warrants that he, she or it has the requisite authority to enter into this Agreement and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Agreement.

13. **Voluntary Agreement.** Each of the parties hereto executes and delivers this Agreement voluntarily after being fully informed of its terms, contents and effect, and acknowledges that she, he or it understands its terms, contents and effect. Each of the parties

hereto acknowledges that she, he or it is aware, and is advised, of her, his or its right to seek the advice of an attorney and that she, he or it has been represented by counsel of her, his or its own choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party hereto or any one acting on behalf of such party.

14. **No Admission of Liability.** It is understood and agreed that any actions taken or payments made pursuant to this Agreement are made solely to avoid the burdens and expense of protracted litigation; that this Agreement and the actions taken pursuant hereto are not to be construed as constituting any determination on the merits of any claims in this dispute or as constituting any admission of wrongdoing or liability on the part of SUNYSB, any of the individual defendants or the State of New York or any of their employees; and that Defendants expressly denies any wrongdoing or liability. Nothing contained in this Agreement shall be deemed to constitute a policy or practice of SUNYSB or the State of New York.

15. **No Precedential Value.** This Agreement shall not in any manner be construed as determinative of the issues raised in the Action or any other proceeding and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Agreement shall not bind or collaterally estop Defendants any constituent unit thereof or the State of New York in pending or future actions or proceedings, in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any defenses.

16. **Entire Agreement.** This Agreement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto with respect to

the subject matter of this Agreement, and may not be clarified, modified, changed or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

17. **Governing Law.** The terms of this Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law applies to Plaintiffs' release and waiver of federal claims pursuant to paragraph 8 of this Agreement.

18. **Severability.** If any provision of this Agreement shall be held by a court of competent jurisdiction to be invalid, void or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

19. **Headings.** The headings contained in this Agreement are for convenience of reference only and are not a material part of this Agreement.

DATED: Hauppauge, New York
December 11, 2009

Approved and consented to:

                                                 ANDREW M. CUOMO
                                                 Attorney General of the State
                                                 of New York
                                                 Attorney for Defendants

                                               BY: SUSAN M. CONNOLLY
                                               Assistant Attorney General
                                               300 Motor Parkway, Suite 205
                                               Hauppauge, New York 11788
                                               Tel. (516) 231-2424

                                               Law Office of Steven A. Morelli

Attorney for Plaintiffs

*/s/ S. Morelli*

By: Steven A. Morelli, Esq.
One Old Country Road, Suite 347
Carle Place, New York 11514

SO ORDERED:

LEONARD D. WEXLER
United States District Judge

Dated: Central Islip, NY
12/22/09

10